[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On December 26, 2001, the plaintiff, Nancy Burton, filed this five count complaint, alleging defamation against the defendant, American Lawyer Media, et al., based on two articles that were published by the New York Law Journal and the Connecticut Law Tribune LLC, reporting on a decision by the honorable Judge Martin, United States District Judge for the Southern District of New York. The plaintiff, an attorney in that case, claims that the defendants published numerous falsehoods and misrepresentations that have injured her practice and reputation. On January 15, 2002, the defendants filed this motion for summary judgment on the grounds that there was no defamation because the publication was a fair and accurate account of an official proceeding. CT Page 10554
This motion was originally set down for hearing on April 8, 2002, continued at plaintiffs request, and was subsequently heard on April 22, 2002. On April 25, 2002, the plaintiff filed a supplemental memorandum accompanied by various transcripts and voluminous other documents in objection to the defendants' motion for summary judgment, with the purported intent of clarifying her specified claims of defamation. The plaintiffs objections remain somewhat confusing and, in many instances, do not correlate to the article to which she objects.
 I.
Before a party will be held liable for libel, there must be an unprivileged publication of a false and defamatory statement. Strada v.Connecticut Newspapers, Inc., 193 Conn. 313, 316, 477 A.2d 1005 (1984).
The publication of a public proceeding and the record thereof is privileged so long as the report thereof is a fair and accurate representation of the event. Wang v. Frankl, superior court, judicial district of New Haven at New Haven, Docket No. 391493 (October 18, 1999,Thompson, J.). This view is supported by the Restatement. "The publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgment of the occurrence reported." Restatement (Second), Torts, Report of Official Proceeding or Public Meeting § 611, p. 297 (1977). "The rule stated in this Section requires the report to be accurate. It is not necessary that it be exact in every immaterial detail or that it conform to that precision demanded in technical or scientific reporting. It is enough that it conveys to the persons who read it a substantially correct account of the proceedings." Restatement (Second), Torts, Report of Official Proceeding or Public Meeting § 611, p. 300, comment (f) (1977). The defendants' articles, which reported a judicial proceeding, were so privileged and the defendants argue that the publication was a fair and accurate representation of the trial and the court's decision. In Strada the Supreme Court observed that "Facts do not cease to be facts because they are mixed with the fair and expectant comment of the story teller, who adds to the recital a little touch by his piquant pen." Id., 317. The plaintiff does not have a viable cause of action based in defamation simply because she does not approve of the district court's decision. A fair report privilege shields news organizations from defamation claims when publishing information originally based upon government reports or actions. Reuber v. Food chemical News, Inc., 925 F.2d 703, 712 (1991). See also, Miller v. News Syndicate Co., 445 F.2d 356, 357-58 (2d Cir. 1971). CT Page 10555
 II.
The plaintiff claims that the defendants have exceeded their bounds of conditional privilege and committed defamation. It is true that a conditional or qualified privilege may be abused or lost if the defendant published or broadcast the defamatory remarks with malice, improper motive, or bad faith. Miles v. Perry, 11 Conn. App. 584, 594, n. 8,529 A.2d 199 (1987). However, it is not an abuse of a conditional privilege if the statement is made in good faith, without malice, in an honest belief in the truth of the statement. Wright Fitzgerald, Connecticut Law of Torts, (3d Ed. 1991) § 158, p. 427-28.
 III.
A careful reading of the defendants' article about Judge Martin's decision when compared to the decision itself indicates that each and every statement challenged by plaintiff reports a statement in the decision itself with substantial accuracy, albeit sometimes with changes in punctuation and text excerpting, leads to the conclusion that the article was a fair and accurate report of the decision. The chief conclusion in that decision is "Having heard the witnesses the court has concluded that Ms. Renard's version of the events is not true and she and Ms. Burton came to New York, removed the instruments from the warehouse, and shipped them to Florida for the purpose of getting them out of the jurisdiction in case the Court found for plaintiff at trial." There is no support for the plaintiff's contention that the articles published by defendants defamed her. Defendants have merely reported on a judicial decision which may not have been complimentary to the plaintiff, and no statement in the article has been found which is not fairly derived from the decision.
Additional claims by plaintiff that the headlines used in the story were false and defamatory, or that defendants had a duty to include exculpatory statements in the article or to examine the record in the case before writing the article, either have no foundation in law or are without merit. The headline objected to "Lawyers Attempt to Hide 19 Violins Results in Sanctions" is a fair summary of the judicial decision.
The defendants' motion for summary judgment is granted.
Plaintiff's motion for summary judgment dated April 22, 2002 is denied.
___________________ Wagner JTR CT Page 10556